**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DONNA JO ROGERS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CAROLYN W. COLVIN,** )<br>**ACTING COMMISSIONER OF** )<br>**SOCIAL SECURITY,** )<br>)<br>**Defendant.** ) | Civil No. 15-1114-JAR |

**MEMORANDUM AND ORDER**

After this Court reversed and remanded Defendant Commissioner's final decision denying Plaintiff Donna Jo Rogers's application for a period of disability and disability insurance benefits under Title II of the Social Security Act,[1] Plaintiff filed a motion (Doc. 20) for 6,193.70 in attorney's fees and costs under the Equal Access to Justice Act ("EAJA").[2] Defendant filed a response in opposition, not opposing the amount of fees and costs, but arguing that the government's position in this case was substantially justified such that Plaintiff is not entitled to any fees and costs under the EAJA. Because the Court finds that Defendant has not met its burden of proving that its position was substantially justified, the Court grants Plaintiff's motion for EAJA fees and costs.

**I.    Court's decision**

This Court reversed and remanded this matter to Defendant Commissioner under the fourth sentence of 42 U.S.C. § 405(g), finding that the Defendant Commissioner's findings were not supported by substantial evidence. The Court found that Defendant Commissioner erred in

---

[1] 42 U.S.C. §§ 401–434.

[2] 28 U.S.C. § 2412.

1

several respects, including failing to mention, discuss and accord weight to the medical opinions of Drs. Altomari, Reed and Geis, failing to explain the weight accorded to the opinion of Dr. Hughey, and failing to assess and discuss the impact of Plaintiff's obesity on her functioning.

## II.     Standard for EAJA applications

Under the EAJA,[4] a court shall award to a prevailing party, other than the United States, fees and other expenses that party has incurred in any civil action brought by or against the United States, unless the position of the United States was substantially justified, or unless special circumstances make such an award unjust.[5]  A position is substantially justified if it has a reasonable basis both in law and in fact, or in other words, "justified in substance or in the main– that is, justified to a degree that could satisfy a reasonable person."[6]  And generally, where the Commissioner's underlying action at the agency level was unreasonable, EAJA fees should be awarded even if the government advanced a reasonable position in the litigation before the district court, unless the government's reasonable litigation position cures unreasonable agency action.[7] The government has the burden to prove that its position was substantially justified.[8]

Further, the Tenth Circuit has held that the reasonableness test breaks down into three parts: the government must show "that there is a reasonable basis . . . for the facts alleged . . . , that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced."[9]

---

[4]28 U.S.C. § 2412.

[5]*Id*.; *Pierce v. Underwood*, 487 U.S. 552, 556 (1988).

[6]*Pierce*, 487 U.S. at 555–56.

[7]*Hackett v. Barnhart*, 475 F.3d 1166, 1173–74 (10th Cir. 2007).

[8]*Id.* at 1172 (*citing Scarborough v. Principi*, 541 U.S. 401, 414 (2004)).

[9]*United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984), *cert denied*, 469 U.S. 825 (1984).

And, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."[10] The government's position may be substantially justified even though it is incorrect.[11]

A harmless error analysis may be appropriate in Social Security cases, "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter any other way."[12]

### III.   Analysis

Defendant argues that although this Court found that the ALJ erred in failing to evaluate and/or accord weight to medical opinion evidence and failed to discuss Plaintiff's obesity, Defendant's position on these issues was reasonably debatable. Defendant argues that the ALJ's failure to expressly accord weight to Dr. Hughey's clinical findings during his consultative physical examination arguably was not an error, because Dr. Hughey did not opine about Plaintiff's ability to work. Defendant further argues that the law does not require an ALJ to reference everything in the administrative record, such as all clinical findings, citing *Wilson v. Astrue*.[13] Here, the ALJ did reference and discuss Dr. Hughey's clinical findings, but did not discuss what weight he accorded to Dr. Hughey's opinions that Plaintiff had moderate difficulty with heel and toe walking and severe difficulty with hopping, squatting and arising from the sitting

---

[10] 28 U.S.C. § 2412(d)(1)(B).

[11] *Hackett v. Barnhart*, 475 F.3d at 1172 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988)).

[12] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

[13] *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).

position, as well as limited range of motion in the flexion plane of both knees and difficulty with orthopedic maneuvers.  Yet the law is clear and settled that the ALJ is to evaluate and accord weight to every medical opinion.[14]  The fact that Dr. Hughey did not offer an opinion on the ultimate issue of Plaintiff's ability to work did not excuse the ALJ from this requirement; indeed, it is the ALJ, not a physician, who is charged with determining the RFC from the medical record.[15]  Given that the ALJ also did not discuss or explain what weight he accorded to Dr. Geis, who reviewed Plaintiff's records and offered opinions that were largely incorporated in the RFC, this Court lacked the ability to do a meaningful review of the ALJ's determination of Plaintiff's physical RFC.  Defendant's position that this was a harmless or inconsequential error is not substantially justified.

With respect to the mental RFC, the ALJ again did not discuss what weight he accorded to the opinions of Dr. Reed, a consulting psychiatrist, or Dr. Altomari, a consulting psychologist.  Again, Defendant argues that these errors are harmless, that the ALJ accounted for these opinions about "moderate" limitations by giving weight to their narrative conclusions, and that the case law, formerly unsettled, is now settled by the Tenth Circuit's recent decision in *Smith v. Colvin*.[17]  In *Smith*, the Tenth Circuit held that an ALJ can account for moderate limitations by limiting the claimant to particular kinds of work activity, such that a doctor's opinion that the claimant had certain moderate nonexertional limitations was properly considered and incorporated into an RFC that the claimant could engage in only simple, repetitive and routine tasks, and could not have face-to-face contact with the public.[18]  But, unlike *Smith*, where the ALJ expressly accorded great

---

[14]*Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)).

[15]*Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (citations omitted).

[17]__ F.3d ___, 2016 WL 2620519, at *3 (10th Cir. May 9, 2016).

[18]*Id*. at *3–4, citing *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) (limiting the claimant to unskilled

weight to one consultative physician's opinion and probative weight to another, and explained the weight accorded,[19] here the ALJ did not expressly accord weight to the opinion of either the consultative psychologist or consultative psychiatrist, and this Court cannot perform a meaningful review of the mental RFC given that error.

Finally, acknowledging that the ALJ erred in not discussing Plaintiff's obesity and its effects, Defendant argues that this was harmless error, citing to *Howard v. Barnhart*.[20] But *Howard* is distinguishable, for there the ALJ properly evaluated and accorded weight to medical opinions that took into account the claimant's obesity; here the ALJ did not expressly evaluate nor accord weight to medical opinions and did not otherwise address Plaintiff's obesity. The law was clear and settled that it is error for the ALJ to not consider a claimant's obesity.[21] This is error, for SSR 02–1p requires an ALJ to consider the effects of obesity when assessing RFC, including the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately."[22] Thus, Defendant's position on this issue is also not substantially justified.

## IV. Conclusion

For the above explained reasons, the Court concludes that Defendant's positions at the agency level, and in this litigation, were not substantially justified, and that Plaintiff is entitled to

---

work adequately accounted for the claimant's moderate limitations is concentration, persistence and pace); *Lee v. Colvin*, 631 F. App'x 538 (10th Cir. 2015) (although ALJ failed to expressly incorporate a psychologist's assessment of moderate limitations in attention, concentration, accepting and responding to instructions and supervisor's criticisms, and getting along with peers, the ALJ's RFC effectively incorporated these moderate limitations, in finding that the claimant was limited to simple tasks and work requiring only routine supervision or superficial interaction with supervisors and peers.).

[19]*See Smith v. Colvin*, 2015 WL 3457840, at *3 (D. Colo. May 29, 2015).

[20]379 F.3d 945, 948 (10th Cir. 2004).

[21]*DeWitt v. Astrue*, 381 F. App'x 782, 785 (10th Cir. 2010); SSR 02-1P, 2002 WL 34686281 (September 12, 2002).

[22]*Id*.

attorney's fees and costs under the EAJA in the requested amount.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff is awarded attorney's fees and costs in the amount of $6,193.70, plus $370.42 for two hours in preparing the reply EAJA brief for a total amount of $6,564.12.

**IT IS SO ORDERED.**

Dated: June 30, 2016

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE